O’NIELL, Chief Justice
(dissenting).
Section 48 of Act No. 105 of 1921, Ex. Sess., pp. 225, 226, provides that the commissioner of public property shall furnish copies of the statements of assessment to the commissioner of public finance within ten days after the statements are issued, and that the commissioner of public finance shall deliver the copies to the recorder of mortgages within ten days after the commissioner receives them. The statute does not fix a time limit within which the statements o'f assessment shall he made up and issued after the paving is completed.
In this instance the statements of assessment were issued on the 5th of October, 1928, but the copies were not furnished to the commissioner of public finance until the 14th of March, 1929. They were recorded on that day.
The mortgage held by the plaintiff in this case was given on the 12th and recorded on the 13th of September,. 1928; that is, twenty-two days before the statements of assessment were issued, and hence before they could possibly have been recorded. The plaintiff, therefore, had no greater right than the owner of the property had, as far as the paving lien was concerned.. It did not concern him whether the paving lien was recorded within or after the time prescribed by law. For that reason, the ruling which was made in City of Shreveport v. Urban Land Company is favorable to the city of New Orleans in this case. The only ease in which a party has cause to complain of the failure to record a paving lien within the time prescribed by law is where the party has bought the property or has acquired a mortgage or lien upon it between the date on which the paving lien should have been filed for record and the time when it was in fact filed for record. That was the condition of the record in Conservative Homestead Association v. Guglielmo, which was decided correctly. In Cook v. Lemoine, and in the companion case, Dixie Investment Co. v. Player, we were dealing with another statute, Act No. 187 of 1920, as amended by Act No. 115 of 1922; and perhaps in writing the opinion I went too far in my statement of the effect of a delay in the recording of a paving lien. The statute in that case imposed a personal liability upon the property owner. The statute which we are now considering, Act No. 105 of 1921, as amended by Act No. 191 of 1924, gives the city only an action in rem, or a lien on the property. Since it has been decided that the lien is not lost quo ad the owner of the property, by a failure to record the lien within the time prescribed by law, it must follow that the lien is not thereby lost quo ad the holder of a mortgage recorded before the paving certificate came into existence, and hence before it could possibly have been recorded. There is no reason why the mortgagee in such a case — not any more than why the owner of the property — should have the paving done free of cost.